### CORNELIUS H. JACOBUS

*v.*

### HARRIET E. JACOBUS et al.

Where, on a bill filed for the partition of lands, they are sold under the statute, and a defendant, without filing plea or answer, accepts of all she is entitled to, excepting her share of the portion invested for a brother during his lifetime, under the will of their father, all her interest is thereby converted into personalty.

On petition by Ida P. Cox and Theodore D. Hedden to open a decree of distribution made in the above cause.

*Mr. C. G. Garrison,* for petitioners.

*Messrs. C. & R. Wayne Parker,* for respondents.

BIRD, V. C.

Catharine Hedden, the mother of the petitioners, and her brothers and sisters, six in all, took title to lands in Essex, in equal parts, subject to the support for life of John I. Jacobus, a feeble-minded brother, under the will of their father, Hassel C.

Jacobus. One of them filed a bill for partition in 1873. A decree *pro confesso* was taken against all of the defendants, of whom Mrs. Hedden was one. In due course, under the statute, a sale was made, the proceeds amounting to over $11,000, of which $6,000 were invested on bond and mortgage for the support of the feeble-minded brother during his life. The balance was distributed amongst those who were entitled to the land at the time of the sale. *Mrs. Hedden accepted her share of this balance.*

In March, 1881, John I. Jacobus died. The surviving executor of Hassel C. Jacobus obtained an order of distribution in the above-stated cause, under which he was directed to pay the said $6,000 and interest to the persons entitled thereto, among whom Mrs. Hedden, the mother of the petitioners, was named as one. But in about twelve days, or a very short period of time after such order of distribution was made, that is, on April 12th, 1881, the executor learned for the first time that Mrs. Hedden had died about January 1st, 1879, before the said decree of distribution was made.

In August, 1881 (the order for distribution being April 1st, and the executor learning April 12th, 1881, that Mrs. Hedden had died long before), one of the petitioners, Theodore, having a power of attorney from his sister, called upon the executor and demanded their share of said $6,000, that is, one-sixth, the amount which had been ordered to be paid to their mother. The executor declined to pay the money, insisting that he could only pay it to an administrator of Mrs. Hedden.

December 22d, 1881, Bowman S. Cox, the husband of Ida P., applied for and obtained letters of administration on the estate of Mrs. Hedden from the surrogate of Gloucester county, in which she died. This was after Theodore had called on the executor and demanded the money, and had been told by the executor that there must be an administrator. Theodore was called as a witness and said:

" *Mr. Cox told me that he got an offer of what was left—the Mechanics Bank—of what they chose to pay him;* I believe he said the amount would pay seventy-

five per cent. ; *Mr. Cox acted for us ;* I do not know whether Mr. Cox refused the offer."

Mr. Roome swears that he urged Theodore to have the estate of his mother administered upon at once, and that *" he said he would."* He further says :

" I saw nothing more of them until after the bank failed ; *some time after that Bowman S. Cox, the son-in-law of Catharine Hedden, called and said he was administrator of Mrs. Hedden, and demanded the share of money due her estate ;* I told him I had deposited the money in bank, which had failed, and at present I could not pay it ; he said he supposed I held myself responsible for the whole amount and interest ; I told him I held myself responsible for what the bank paid and nothing more ; *he handed me the letters of administration which I produce here ;* I received a letter afterwards from Mr. Cox, demanding the money, or he would bring suit for the same ; I produce the letter."

This letter is dated March 20th, 1882, and is as follows :

" *Mr. Roome*—Dear sir—I have been waiting very patiently for you to send me the money due me as administrator of Catharine Hedden, deceased. If the money, with the interest due up to this date, is not paid by the 1st of March, 1882, I will commence suit for the recovery of the same. Mr. Hedden is very clamorous for his money, and the matter had as well be settled first as last.
" Yours &c.,
B. S. Cox., *adm'r."*

Earlier than this, February 20th, 1882, Mr. Cox, as administrator, wrote a letter to Mr. Baker who was counsel for Roome, making a similar demand and threatening suit.

The petitioners now insist that they are entitled to this money as heirs-at-law of Mrs. Hedden, and not as next of kin.

I think that Mrs. Hedden had a vested interest in the entire proceeds of the sale, and that when she accepted her share of the excess of $6,000, it was such a recognition of the conversion of the land into money as to bring it within the case of *Smith* v. *Bayright, 7 Stew. Eq. 424.*

But if this should fail as a matter of principle, still the conduct of the petitioners compels me to apply the same case. For after Theodore P. Hedden had gone with power of attorney from his sister and demanded this money of Mr. Roome, and

---

had been told he must have an administrator appointed, and had left promising he would; one was appointed.   That administrator was his sister's husband.   From the circumstances of the case the court cannot escape the conviction that he was made administrator by the request and procurement of the heirs-at-law, and for the purpose of collecting the money in the hands of Mr. Roome.   Mr. Cox, as such administrator, writes to Mr. Roome demanding this money, and threatens to bring suit if it be not paid.   From the facts before me, the petitioners elected to treat this money as personalty, and having done so, they can only take it as next of kin.   They must therefore obtain it through the regular course of distribution at the hands of the administrator.

If I am right in this conclusion, the petitioners have no standing in court, and their petition should be dismissed.   I will advise a decree accordingly.

The administrator is the proper person to come into this court to ask for a correction of the decree, and to take steps for the collection of the money.